UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TODD L. GOOKINS

                              Plaintiff,

     v.                                            6:11-CV-0373 (LEK/DEP)

JHO ANTHONY J. GARRAMONE,
and, JUDGE JOHN J. BRENNAN,

                              Defendants.
_____

**MEMORANDUM-DECISION AND ORDER**

**I.     BACKGROUND**

      Now pending before the Court are several requests for relief filed by the *pro se* Plaintiff in this action, including a request for a temporary restraining order ("TRO") and preliminary injunction as well as a motion for the issuance of subpoenas to the named Defendants. Dkt. Nos. 4 and 5. Plaintiff Todd L. Gookins originally filed this civil rights lawsuit on April 5, 2011, along with an application to proceed *in forma pauperis,* and a motion for appointment of *pro bono* counsel. Dkt. Nos. 1, 2, and 3. Before the Court completed its review and made a determination with regard to those submissions, Plaintiff submitted the more recent motions, and paid the filing fee. As a result, the Clerk has issued summonses for Plaintiff to serve upon the named Defendants. It appears that Defendants have yet to be served.

      Plaintiff's case is apparently brought pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. A review of Plaintiff's Complaint reveals that it arises out of a pending New York State Family Court, Herkimer County, proceeding relating to the custody of his

daughter. The only two named Defendants in this action are a New York judicial hearing officer ("JHO") and a sitting family court judge. Plaintiff's Complaint and the exhibits attached thereto, as well as the motion for a TRO and the exhibits attached thereto, reveal that Plaintiff and the other parties to the family court proceeding are scheduled to appear before Judge Brennan for a pretrial conference on May 19, 2011, and a trial in the matter is scheduled for June 16, 2011.

As relief in this lawsuit, and in his motion for a TRO, Plaintiff seeks an order from this Court restraining the family court from enforcing three orders issued by that court. Dkt. No. 4. The first is a temporary order of protection, dated January 12, 2011, and issued by JHO Garramone restraining Plaintiff from 1) communicating in any manner with his ex-wife, 2) assaulting, stalking, harassing, *inter alia*, his ex-wife, and 3) requiring that he observe such conditions as are necessary to further the purpose of protection including that Plaintiff "shall not post on the internet, nor texting, nor by any electronic means whatsoever, any information regarding [his ex-wife or daughter] or any information regarding pending Court matters at any time." The second family court order that Plaintiff asks this Court to restrain is an order in the nature of sanctions, issued by Judge Brennan on March 31, 2011, which precludes Plaintiff from filing anything with family court absent prior approval. The third and final family court order at issue is one Plaintiff characterizes as a "verbal Order of 1/10/11 that [he] can do nothing with [his] daughter without the Law Guardian."

For the reasons discussed more fully below, all of the Plaintiff's pending motions will be denied, and his Complaint will be dismissed.

## II. DISCUSSION

### A. Motion For Temporary Restraining Order

When deciding a motion for a TRO, the Court follows the same legal standard as that for a

motion for a preliminary injunction.  Freeman v. McKnight, No. 07-CV-01123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992)).  Generally, a "district court may grant a preliminary injunction where the moving party establishes: (1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either (a) a likelihood of success on the merits of its claim, or (b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor." Id. (citing Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510-511 (2d Cir. 2005)).  "Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore, 409 F.3d at 510-11.

Plaintiff fails on the first prong of the applicable test.  In support of his motion, Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his civil rights claim, or at a minimum the existence of substantial questions going to the merits of his claims.  To the contrary, it appears more likely to the Court that Plaintiff will not succeed in this lawsuit based upon absolute immunity and the Rooker-Feldman doctrine.[1]

First, to the extent that Plaintiff seeks money damages in his Complaint, it is well established that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'"  Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994), cert. denied, 514 U.S. 1102, 115 S. Ct. 1837 (1995) (quoting Pierson v. Ray, 386 U.S. 547, 554, 1217 (1967)). Additionally, the Eleventh Amendment protects a state against suits brought in federal court by

---

[1] The Rooker-Feldman doctrine arises out of the Supreme Court decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

citizens of the state, regardless of the nature of the relief sought.  Alabama v. Pugh, 438 U.S. 781, 3057, 3057-58 (1978).  This absolute immunity that states enjoy under the Eleventh Amendment extends both to state agencies as well as state officials sued for damages in their official capacities when the essence of the claim involved seeks recovery from the state as the real party in interest..  Richards v. State of New York Appellate Division, Second Dep't, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing Pugh and Cory v. White, 457 U.S. 85, 89-91 (1982)).  As a result, it would appear that Plaintiff will not be able to maintain a claim for damages against the two named Defendants.

Perhaps even more importantly, the Rooker-Feldman doctrine directly implicates this Court's subject matter jurisdiction.  Under Rooker-Feldman, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments.  McKithen v. Brown, 481 F.3d 89, 96 (2d Cir. 2007).  In essence, the Rooker-Feldman doctrine precludes federal courts from entertaining actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-284 (2005).  "Where constitutional claims are not raised in the state court proceeding, there is no federal court subject matter jurisdiction if the claim is 'inextricably intertwined' with the state court judgment."  McKithen, 481 F.3d at 96 (citing Dist. of Colombia Court of Appeals v. Feldman, 420 U.S. 462, 483 (1983)).  "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'"  Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (quoting Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993)).

It seems clear from the allegations in Plaintiff's Complaint that he is now attempting to

collaterally attack the state court orders relating to the pending to the family court custody proceeding. In essence, it appears that Plaintiff seeks "appellate review" of these orders in federal district court, which is an action outside this Court's jurisdiction.

It is well established that the Court may raise the question of jurisdiction *sua sponte* and that where jurisdiction is lacking, "dismissal is mandatory." United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.1994); see also Fed.R.Civ.P. 12(h)(3). Because Plaintiff seeks to attack an ongoing state proceeding by convincing this Court to exercise appellate jurisdiction over a state court's proceedings, the Court finds that it is without jurisdiction and it therefore dismisses Plaintiff's Complaint, in addition to denying Plaintiff's request for a TRO and preliminary injunction.

### B.    Motion For Issuance of Subpoenas

In addition to the TRO, Plaintiff requests that the Court authorize the issuance of subpoenas requiring the production of documents to be served upon Defendants. Under Rule 26(d) of the Federal Rules of Civil Procedure, "discovery usually begins after the parties have conducted a discovery planning conference under Rule 26(f)." Fox v. Poole, No.06CV148, 2007 WL 837117, at *2 (W.D.N.Y. Mar. 15, 2007). Because the Court is dismissing the Complaint and the Court will not schedule a Rule 26(f) conference, this request is denied.

### C.    Motion to Proceed *In Forma Pauperis*

If the Court had granted Plaintiff's application to proceed in this matter *in forma pauperis*, he would have been permitted to commence this action without prepayment of the $350.00 filing fee. See 28 U.S.C. § 1915(a)(1). He would, however, still have been responsible for paying other costs associated with maintaining this action. Keesh v. Smith, No. 9:04-CV-0779, 2008 WL

224262, at * 3 (N.D.N.Y. May 29, 2008). Since Plaintiff has now paid the filing fee, his motion to proceed *in forma pauperis* will be denied as moot.

### D. Motion of Appointment of Counsel

Turning to Plaintiff's motion for appointment of *pro bono* counsel, in Terminate Control Corp. v. Horowitz, 28 F.3d 1335 (2d Cir.1994), the Second Circuit reiterated the factors that a court must consider in ruling upon a motion for the appointment of counsel. In deciding whether to appoint counsel, a court should first determine whether the indigent's position seems likely to be of substance. See id. at 1341 (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir.1986)). If the claim meets this threshold requirement, a court should then consider a number of other factors in making its determination. Id. Of these criteria, the most important is the merits; i.e., " 'whether the indigent's position was likely to be of substance.' " McDowell v. State of N.Y., 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir.1989)). Thus, although "[i]ndigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit." Id. (citation omitted).

The Court has already concluded that Plaintiff's Complaint should be dismissed because this Court lacks jurisdiction, and concluded that Plaintiff's position appears to lack substance. His motion for appointment of *pro bono* counsel will, therefore, be denied.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **Dismissed**; and it is further

**ORDERED**, that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** as moot; and it is further

**ORDERED**, that Plaintiff's motion for appointment of *pro bono* counsel (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that the Plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED**, Plaintiff's Motion for the issuance of subpoenas (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on Plaintiff in accordance with the Court's Local Rules.

**IT IS SO ORDERED**.

DATED:   April 22, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge